COPY

PRESTON GATES & ELLIS LLP
Janine D. Bloch (State Bar No.148377)
D. Lilah Blinder (State Bar No. 203594)
55 Second Street, Suite 1700
San Francisco, California 94105
Phone: (415) 882-8200
Fax: (415) 882-8220

PRESTON GATES & ELLIS LLP
Kathleen Peterson (State Bar No. 124791)
Four Park Plaza, Suite 1900
Irvine, California 92614-8559
Telephone (949) 253-0900
Facsimile: (949) 253-0902

Attorneys for Plaintiff
MICROSOFT CORPORATION

E-FILING

ORIGINAL
FILED

FEB 1 4 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C03 00644 HRL

MICROSOFT CORPORATION,

    Plaintiff,

v.

DOES 1 through 50, inclusive,

    Defendants.

Case No. _____

COMPLAINT

Plaintiff MICROSOFT CORPORATION ("Microsoft") complains of defendants and hereby alleges as follows:

### I. JURISDICTION AND VENUE

1.  This is an action for violations of the Computer Fraud and Abuse Act (18 U.S.C. §1030(a)), the California Uniform Trade Secrets Act (California Civil Code §§3426 et seq.), civil enforcement of violation of California Penal Code §502, trespass to chattels and conversion.

Microsoft seeks general and punitive damages as well as injunctive relief and other equitable relief to remedy defendants' unauthorized use of Microsoft's computers and computer systems to "harvest" the private e-mail addresses of Microsoft's customers in violation of Microsoft's policies.

2.   This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs.

3.   This Court has personal jurisdiction over defendants who have purposefully engaged in business activities in California, availed themselves of the benefit of conducting commercially-related activities within California, have committed tortious acts within the State and targeted California residents, and have intentionally used personal property in the State owned by Microsoft, a company authorized to do business in California, all with defendants' knowledge that their conduct would cause harm to Microsoft within the State. This lawsuit arises out of these acts of defendants.

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claims pled herein occurred, in this judicial district.

## II.   INTRADISTRICT ASSIGNMENT

5.   Pursuant to Civ. L.R. 3-2(c), venue is proper and the basis for assignment of this case to the San Jose Division is that a substantial part of the events or omissions which give rise to the claim occurred and a substantial part of the personal property that is the subject of the action is situated in Santa Clara County.

## III. PARTIES

6. Plaintiff Microsoft is a Washington corporation, with its principal place of business in Redmond, Washington. Microsoft is authorized to do business within the State of California.

7. Microsoft is informed and believes that the IP address identified as 64.157.12.123, is used by a "harvester" -- an illegal gatherer -- of Microsoft's MSN Hotmail users' e-mail addresses, which are then used for the purpose of sending unsolicited commercial e-mail known as "spam." On information and belief, this IP address is registered to a host or internet service provider known as Neutelligent, Inc., formerly known as Candid Hosting, Inc., however, due to the nature of communications across the Internet, Microsoft has not yet identified to whom Neutelligent, Inc. has assigned this IP address. Microsoft will amend this complaint to allege the true names and capacities of this and other defendant(s) involved in this activity when ascertained.

8. Microsoft is unaware of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive (all defendants herein are collectively referred to as "defendants"), and therefore sues these defendants by such fictitious names. Microsoft will amend this complaint to allege their true names and capacities when ascertained. Microsoft is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Microsoft's injuries as herein alleged were proximately caused by such defendants.

9. Microsoft is informed and believes and thereon alleges that at all times herein mentioned, defendants, and each of them, were the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

## IV. FACTUAL ALLEGATIONS

### A. NATURE OF PLAINTIFF'S INTERNET E-MAIL SERVICES

10. Microsoft owns and operates interactive computer services that enable its customers to, among other things, access the Internet and exchange electronic mail ("e-mail") on the Internet. Microsoft owns and maintains computers and other equipment, including specialized computers or "servers" that process e-mail messages and otherwise support it e-mail services. Microsoft maintains this equipment in Mountain View, California, among other locations. E-mail sent to and from Microsoft's customers is processed through and stored on these computers. Microsoft is an Internet Service Provider or "ISP." Microsoft's computers and computer systems are "protected computers" within the meaning of the Federal Fraud and Abuse Act (18 U.S.C. §1030(e)(2)).

11. One of Microsoft's services is "MSN Hotmail" which provides free e-mail on the Internet through a web-based e-mail service that can be accessed at www.hotmail.com. After registering for an account, subscribers to the MSN Hotmail service may use the interface provided by MSN Hotmail to send e-mail messages to any other Internet e-mail address, anywhere in the world, free of charge. MSN Hotmail has millions of registered accounts.

12. When a user registers for free e-mail services with MSN Hotmail, the user agrees to certain Terms of Service and then is allowed to select a unique e-mail account name for him or herself which will then become the user's MSN Hotmail account address, when combined with the "hotmail.com" internet domain name. For example, a user who selects the e-mail name "EdSmith" will obtain the e-mail address "EdSmith@hotmail.com."

13. The e-mail addresses of MSN Hotmail's active, registered users are valuable, confidential and proprietary information, and the compilation of those addresses is used by Microsoft to communicate with its own customers. Microsoft is committed to protecting the security of its users' private e-mail addresses, and has established a Privacy Policy to assure its

users that their e-mail addresses will not be distributed outside of Microsoft without their consent. Microsoft does not sell, rent or lease these customer lists, and does not in any way authorize the disclosure of this confidential information to outsiders. Microsoft's Privacy Policy is prominently displayed on its company web site and web pages associated with MSN Hotmail.

**B.  THE NATURE OF SOLICITED E-MAIL, OR "SPAM," AND HARVESTING OF E-MAIL ADDRESSES**

14.  Unsolicited commercial e-mail is often referred to as "spam." The transmission of spam, a practice referred to as "spamming" by persons known as "spammers," is widely condemned in the Internet community and by e-mail users, and is of significant concern and economic detriment to Microsoft and its customers.

15.  Spamming occurs by sending repetitive e-mail messages to thousands or millions of e-mail users. Spammers are often hired by businesses to send spam to advertise the goods or services of the business. For example, a dietary supplements company might hire a spammer to send out a set number of spam e-mails advertising the diet pills of the company. The company might pay the spammer per million e-mails sent or per response received. To send spam, a spammer must first possess a list of e-mail addresses for his intended recipients. Therefore, a compilation of valid e-mail addresses is a vital asset to a spammer. As a result of this need, compilations of e-mail addresses have economic value, and are bought and sold by spammers. Such compilations can vary significantly in value, depending upon the quality of the information provided, including the degree to which the e-mail addresses are active and current. High quality lists of e-mail addresses are reported to sell for hundreds of thousands of dollars.

16.  In light of the value of such e-mail compilations, some spammers and their associates attempt to obtain e-mail addresses by illegitimately obtaining access to, or "harvesting," large numbers of ISP customers' e-mail addresses to use for spamming. Persons who "harvest" e-mail addresses are referred to in the industry as "harvesters" or "miners."

17. Here, harvesters, including defendants, have harvested Microsoft's customers' e-mail addresses by illegitimately accessing Microsoft's computers and servers using an extractor or database searching software program which harvests or gathers the e-mail addresses of Microsoft's customers. In order to do this, the harvesters have unlawfully obtained access to Microsoft's proprietary computer network and obtained from that network the private and commercially valuable e-mail addresses of Microsoft's MSN Hotmail users. Once this compilation of e-mail addresses is collected, it is then used by spammers to deluge Microsoft's customers with unsolicited commercial e-mail.

18. By using the Internet to harvest and send commercial e-mail messages, harvesters and spammers not only obtain significant cost savings, but also impose significant economic burdens on Microsoft. Although it costs very little for a harvester to obtain e-mail addresses, the processes by which harvesting occurs creates an enormous volume of computer activity and places a tremendous burden on Microsoft.

19. Microsoft's computers and computer systems are designed and created solely for the benefit and the personal use of its customers. The computers and computer systems have limited capacity and are not designed to accommodate vast and unlawful harvesting. Harvesting consumes resources on Microsoft's mail servers. Microsoft has a finite number of connections, which connections are intended to be available for its customers to send e-mail, but are displaced by harvesting.

20. Microsoft has been required to expend significant amounts in equipment, manpower and technology to try to block harvesting and to accommodate its undesired burden on Microsoft's computers and computer network. The diversion of these resources impairs the normal operation of the computers and computer systems and results in higher costs.

21. Harvesting also has a significant adverse effect upon Microsoft's relationship with its customers. Customers whose e-mail addresses are harvested, and who subsequently become barraged by unsolicited spam, can become dissatisfied with the quality of Microsoft's services through no fault of Microsoft's. Customers may develop an unfounded belief that Microsoft has not complied with its Privacy Policy or has somehow disseminated their proprietary e-mail addresses. The ultimate costs of customer dissatisfaction resulting from this aspect of harvesting are bourn by Microsoft, through increased costs of customer service and the loss of customer relationships.

22. In an attempt to protect itself and its customers from harvesting, Microsoft has expended significant resources to developing technologies and practices to block harvesters and other spamming-relating activities from invading its computers. However, harvesters continue to adopt practices and use automated technological devices to evade Microsoft's barricades and to frustrate Microsoft's efforts.

23. Microsoft has invested substantial time and money in efforts to prohibit harvesting of its customers' e-mail addresses and to disassociate itself from spam in general. Microsoft's posted policies specifically prohibit the use of Microsoft's MSN Hotmail sites and/or services "to harvest or otherwise collect information about others, specifically including e-mail addresses." The policies also expressly prohibit any attempt to gain unauthorized access to the sites and/or services, and any attempt to obtain any materials or information through any means not intentionally made available by Microsoft. Likewise, the policies prohibit use of any "automated queries of any sort," including the type used by harvesters, and also prohibit use of the site and services for any commercial manner.

## V. DEFENDANTS' UNLAWFUL CONDUCT

24. Microsoft is informed and believes, and on that basis alleges, that defendants, and each of them, are involved in widespread harvesting of Microsoft's customers' e-mail addresses and the use and dissemination of its customer lists.

25. Microsoft is informed and believes, beginning in or about September, 2002, defendants and each of them, without Microsoft's consent or authorization, and against Microsoft's stated policies, accessed Microsoft's computers and servers in Mountain View, California, using an extractor or database searching software program or similar program, to harvest Microsoft's customers' e-mail addresses, and thereby to obtain Microsoft's customer lists. On information and belief, defendants used those e-mail addresses to send bulk e-mail advertisements and/or sold the addresses to third parties who sent bulk e-mail advertisements to the harvested addresses.

26. As a result of the defendants' aforestated actions, Microsoft has incurred substantial costs and has suffered damage. Microsoft's customer lists have been taken and misused, and Microsoft's reputation, goodwill and relationships with its customers have suffered. Microsoft has been required to expend significant amounts in equipment and technology to try to block harvesting, to investigate the consequences of harvesting activities, and to accommodate its overextended connections intended for the sole use of its customers. Microsoft has also been required to hire additional staff and devote substantial time and resources to address customer complaints and to investigate harvesting and general spamming activities. Microsoft's finite computer systems have been diverted from their intended and legitimate uses. The diversion of these resources impairs the normal operation of the computers and computer systems and results in higher costs to its customers and subscribers.

## FIRST CLAIM FOR RELIEF

**(Violation of the Federal Computer Fraud and Abuse Act – 18 U.S.C. § 1030(a)(2)(C))**

27. Microsoft incorporates by reference paragraphs 1 through 26 herein as though fully set forth.

28. Microsoft is informed and believes, beginning in or about September, 2002, defendants, and each of them, without Microsoft's consent or authorization, and against Microsoft's stated policy and express Terms of Use displayed on its sites, intentionally accessed Microsoft's computers and servers without authorization or in excess of authorized access and obtained information by using an extractor or database searching software program or similar program to harvest Microsoft's customers' e-mail addresses, which when compiled by defendants constitutes Microsoft's customer lists.

29. The computers and servers that defendants accessed, and that received the commands defendants sent, are used in interstate or foreign commerce or communication, and defendants' conduct involved interstate and/or foreign communication.

30. Defendants, and each of them, illegally accessed and harvested voluminous and significant information regarding Microsoft's MSN Hotmail's customers' e-mail addresses and customer lists.

31. Defendants, and each of them, intentionally, recklessly, and without authorization caused extensive damage and loss to Microsoft as set forth above and incorporated herein by reference.

32. The information consisting of e-mail addresses and customer lists wrongfully and illegally taken from Microsoft has no legitimate use for defendants. Its sole utility for defendants is in facilitating unauthorized and unsolicited bulk e-mail advertisements to Microsoft's MSN Hotmail's customers and subscribers.

COMPLAINT
K:\00104\01411\DL1B\DL1BP21HX                                    9                         Printed on Recycled Paper

33. As a proximate result of defendants' actions and use of Microsoft's property and harvesting of its information, Microsoft has been damaged in an amount in excess of $5,000.00 during each relevant 1-year period, in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF

### (Violation of the Federal Computer Fraud and Abuse Act – 18 U.S.C. § 1030(a)(4))

34. Microsoft incorporates by reference paragraphs 1 through 33 herein as though fully set forth.

35. Microsoft is informed and believes, beginning in or about September, 2002, defendants, and each of them, without Microsoft's consent or authorization, and against Microsoft's stated policy and express Terms of Use displayed on its sites, knowingly accessed Microsoft's computers and servers without authorization, or in excess of authorized access, by using an extractor or database searching software program or similar program to harvest Microsoft's customers' e-mail addresses, which when compiled by defendants constitutes Microsoft's customer lists.

36. Defendants, and each of them, acted with fraudulent intent, and by using an extractor or database software searching program or similar program to harvest Microsoft's customers' e-mail addresses, furthered the intended fraud and obtained valuable proprietary data consisting of Microsoft's customers' email addresses and Microsoft's customer lists.

37. The computers and servers that defendants accessed, and that received the commands defendants sent, are used in interstate or foreign commerce or communication.

38. As a proximate result of defendants' actions and use of Microsoft's property and harvesting of its information, defendants wrongfully acquired Microsoft's customer lists, which are worth in excess of $5,000, and caused loss and damage to Microsoft, of more than $5,000 in each relevant 1-year period, in an amount to be proved at trial.

# THIRD CLAIM FOR RELIEF

**(Violation of the Federal Computer Fraud and Abuse Act – 18 U.S.C. § 1030(a)(5)(A))**

39. Microsoft incorporates by reference paragraphs 1 through 38 herein as though fully set forth.

40. Microsoft is informed and believes, beginning in or about September, 2002, defendants, and each of them, without Microsoft's consent or authorization, and against Microsoft's stated policy and express Terms of Use displayed on its sites, knowingly caused transmission of a program, information, code, or command, by using an extractor or database searching software program or similar program to harvest Microsoft's customers' e-mail addresses.

41. Defendants, and each of them, intentionally caused damage to Microsoft's servers and computers without authorization.

42. Microsoft is informed and believes, that beginning in or about September, 2002, defendants, and each of them, without Microsoft's consent or authorization, and against Microsoft's stated policy and express Terms of Use displayed on its sites, intentionally accessed Microsoft's computers and servers without authorization, by using an extractor or database searching software program or similar program to harvest Microsoft's customers' e-mail addresses.

43. The actions of defendants, and each of them, recklessly caused damage to Microsoft's computers and servers.

44. The computers and servers that defendants accessed, and that received the commands defendants sent, are used in interstate or foreign commerce or communication.

45. As a proximate result of defendants' actions and use of Microsoft's property and harvesting of its information, Microsoft suffered substantial damage and loss. Microsoft's damages and losses include, but are not limited to, loss of goodwill and relationships with its customers, expenditures on equipment and technology to try to block harvesting, costs of

investigating the consequences of harvesting activities, the costs of accommodating creating connections intended for the sole use of its customers but wrongfully used by harvesters, costs of hiring additional staff who devote substantial time and resources to addressing customer complaints and to investigate harvesting and general spamming activities. These costs exceed $5,000 in each relevant 1-year period, and will be proved at trial.

## FOURTH CLAIM FOR RELIEF

### (Violation of Cal. Uniform Trade Secrets Act, Cal. Civil Code § 3426 et seq.)

35. Microsoft incorporates by reference paragraphs 1 through 34 herein as though fully set forth.

36. California Civil Code section 3426.1(d) defines "trade secret" as: "information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

37. Microsoft is in possession of information consisting of MSN Hotmail's customer account lists and subscribers' e-mail addresses, among other information, which falls under the definition of "trade secret."

38. Microsoft derives economic value and gains a competitive advantage from said information which information is valuable, as it is not generally known to the public or to other persons.

39. Microsoft has invested substantial time and money and has taken proactive and reasonable efforts under the circumstances to maintain the secrecy of such information, from its

competitors and third parties, and to maintain the privacy of its subscribers' private information. Even in its Members Directory, which allows users to find other users based on specified criteria, Microsoft does not reveal any member's e-mail address.

40. Microsoft is informed and believes that defendants, and each of them, have misappropriated Microsoft's trade secrets, in that, defendants, without Microsoft's consent or authorization, used improper means and wrongfully accessed Microsoft's computers and servers using an extractor or database searching software program or similar software program, or other improper means, to harvest Microsoft's confidential customer list and the e-mail addresses of Microsoft's MSN Hotmail users, information not generally known to the public.

41. Microsoft is informed and believes that defendants and/or third parties use and/or have used this misappropriated information to seek out and solicit Microsoft's MSN Hotmail's customers and subscribers and to send unauthorized and unsolicited bulk e-mail advertisements or other messages for the purpose of selling, marketing and/or promoting the products, services and/or goods of defendants and third parties other than Microsoft and MSN Hotmail. By so doing, defendants have injured Microsoft and attained an unfair competitive advantage.

42. Microsoft is informed and believes that defendants threaten to, and unless restrained, will continue to harvest and commit the other unlawful acts as set forth above and incorporated herein by reference. Microsoft has no adequate remedy at law because of the continuing and repeated character of each defendant's acts, and Microsoft will be forced to institute a multiplicity of suits to obtain adequate compensation for its injuries. Microsoft has and will continue to suffer immediate and irreparable injury unless defendants are restrained, and its rights will be prejudiced unless defendants are enjoined by this Court.

43. As a proximate result of defendants' misappropriation of Microsoft's trade secret information, Microsoft has suffered damages in an amount to be proven at trial.

44. As a further proximate result of the misappropriation, defendants were unjustly enriched by obtaining valuable trade secret information and should disgorge all profits resulting therefrom.

## FIFTH CLAIM FOR RELIEF

### (Violation of Cal. Penal Code § 502)

45. Microsoft incorporates by reference paragraphs 1 through 44 herein as though fully set forth.

46. California Penal Code section 502 (c) provides: ". . . any person who commits any of the following acts is guilty of a public offense:

(1) Knowingly accesses and without permission . . . uses any data, computer, computer system, or computer network in order to either: (A) devise or execute any scheme or artifice to defraud, deceive, or extort; or (B) wrongfully control or obtain money, property, or data;

(2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network;

(3) Knowingly and without permission uses or causes to be used computer services; . . .

(6) Knowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section;

(7) Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network. . . . ."

47. California Penal Code section 502 (e)(1) provides for civil relief: "In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer

network, computer program, or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief. Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access...."

48. Microsoft is in possession of information consisting of Microsoft's MSN Hotmail's customer account lists and subscribers' e-mail addresses and other information.

49. Microsoft is informed and believes that defendants, and each of them, in violation of California Penal Code sections 502 (c)(1)(2)(3)(6) and (7), without Microsoft's consent or authorization and in violation of Microsoft's and MSN Hotmail's express Terms of Service, wrongfully accessed Microsoft's computers and servers located in Mountain View, California using an extractor or database searching software program or similar software program to harvest Microsoft's MSN Hotmail's customer account lists and e-mail addresses.

50. Microsoft is informed and believes that beginning in or about September, 2002, defendants, and each of them, have copied, disclosed or sold this information to third parties who, on information and belief, knew or had reason to know that this information was derived from improper means, and have injured Microsoft.

51. Microsoft is informed and believes that defendants, and each of them, and/or third parties used this information to seek out and solicit Microsoft's MSN Hotmail's customers and subscribers and to send unauthorized and unsolicited bulk e-mail advertisements other than on behalf of Microsoft and MSN Hotmail.

52. Microsoft is informed and believes that defendants threaten to, and unless restrained, will continue to harvest and commit the other unlawful acts as set forth above and

incorporated herein by reference. Microsoft has no adequate remedy at law because of the continuing and repeated character of each defendant's acts, and Microsoft will be forced to institute a multiplicity of suits to obtain adequate compensation for its injuries. Microsoft has and will continue to suffer immediate and irreparable injury unless defendants are restrained, and its rights will be prejudiced unless defendants are enjoined by this Court.

53. As a proximate result of defendants' use of Microsoft's property and information, Microsoft has suffered damages in an amount according to proof at trial.

54. As a further proximate result of defendants' actions, defendants were unjustly enriched by using Microsoft's Property and information and should disgorge any profits resulting therefrom.

## SIXTH CLAIM FOR RELIEF

### (Trespass to Chattel)

55. Microsoft incorporates by reference paragraphs 1 through 54 herein as though fully set forth.

56. Microsoft is, and at all times herein mentioned was, the owner and possessor of certain property, including its proprietary and confidential customer e-mail addresses, and its protected computers and servers ("Property").

57. Microsoft is informed and believes that in or about September, 2002, defendants, and each of them, without Microsoft's consent or authorization, knowingly and intentionally accessed Microsoft's Property, thereby intermeddling with Microsoft's right to possession of the Property and causing injury to Microsoft.

58. Defendants, and each of them, without Microsoft's consent or authorization, also accessed Microsoft's Property for the purpose of harvesting information of Microsoft's customers, including customer e-mail addresses, causing injury to Microsoft.

59. Microsoft is informed and believes that defendants threaten to, and unless restrained, will continue to harvest and commit the other unlawful acts as set forth above and incorporated herein by reference. Microsoft has no adequate remedy at law because of the continuing and repeated character of each defendant's acts, and Microsoft will be forced to institute a multiplicity of suits to obtain adequate compensation for its injuries. Microsoft has and will continue to suffer immediate and irreparable injury unless defendants are restrained, and its rights will be prejudiced unless defendants are enjoined by this Court.

60. As a proximate result of the defendants' unauthorized access of and intermeddling with Microsoft's Property and harvesting of information, Microsoft has been damaged in an amount to be proven at trial.

61. Microsoft is informed and believes that at all times herein mentioned, defendants, and each of them, knew that their aforementioned despicable, oppressive, fraudulent and/or malicious conduct, specifically including harvesting, would deprive Microsoft of exclusive possession of this information, and knew or intended that such conduct would damage and cause injury to Microsoft. Notwithstanding this knowledge, defendants, in willful and conscious disregard of the rights of Microsoft, interfered with and harvested Microsoft's information. Microsoft is therefore entitled to an award of exemplary or punitive damages.

## SEVENTH CLAIM FOR RELIEF

### (Conversion)

62. Microsoft incorporates by reference paragraphs 1 through 61 herein as though fully set forth.

63. Microsoft is, and at all times herein mentioned was, the owner and possessor of certain property, including its proprietary and confidential customer e-mail addresses, and its protected computers and servers.

64. Microsoft is informed and believes that in or about September, 2002, defendants, and each of them, without Microsoft's consent or authorization, knowingly and intentionally accessed Microsoft's Property, substantially interfering with Microsoft's right to possession of the Property, and caused injury to Microsoft.

65. Defendants, and each of them, without Microsoft's consent or authorization, also accessed Microsoft's Property for the purpose of harvesting information of Microsoft's customers, including customer e-mail addresses, causing injury to Microsoft.

66. Microsoft is informed and believes that defendants threaten to, and unless restrained, will continue to harvest and commit the other unlawful acts as set forth above and incorporated herein by reference. Microsoft has no adequate remedy at law because of the continuing and repeated character of each defendant's acts, and Microsoft will be forced to institute a multiplicity of suits to obtain adequate compensation for its injuries. Microsoft has and will continue to suffer immediate and irreparable injury unless defendants are restrained, and its rights will be prejudiced unless defendants are enjoined by this Court.

67. As a proximate result of the defendants' unauthorized access of and intentional interference with Microsoft's exclusive right to possession and ownership of the Property and the harvesting of information of Microsoft's customers, Microsoft has been damaged in an amount to be proven at trial.

68. Microsoft is informed and believes that at all times herein mentioned, defendants, and each of them, knew that their aforementioned despicable, oppressive, fraudulent and/or malicious conduct, specifically including harvesting, would deprive Microsoft of exclusive possession of this information, and knew or intended that such conduct would damage and cause injury to Microsoft. Notwithstanding this knowledge, defendants, in willful and conscious

disregard of the rights of Microsoft, interfered with and harvested Microsoft's information. Microsoft is therefore entitled to an award of exemplary or punitive damages.

WHEREFORE Plaintiff Microsoft prays for judgment against defendants, and each of them, as follows:

1. For general damages in an amount according to proof at trial;

2. For special damages in an amount according to proof at trial;

3. For punitive damages;

4. For an order requiring defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth herein, during the pendency of this action;

5. For a temporary restraining order, a preliminary injunction and a permanent injunction, all requiring defendants, and each of them, from accessing Microsoft's computers and harvesting e-mail addresses and customer lists of Microsoft's MSN Hotmail users;

6. For disgorgement of all profits made by defendants, and each of them, pursuant to the acts alleged herein;

7. For reasonable attorneys' fees;

8. For costs of suit incurred herein; and

9. For other such relief the Court deems just and equitable.

DATED:   February 12, 2003

PRESTON GATES & ELLIS LLP

By /s/ Janine Bloch

Attorneys for Plaintiff
MICROSOFT CORPORATION